IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE KRISTEN L. MIX

Civil Action No. 07-cv-01497-EWN-KLM

ROSCOE WARE,

    Plaintiff(s),

v.

RICHARD GALLEGOS,
PAUL HOLLENBECK,
STATE OF COLORADO,

    Defendant(s).

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint and Memorandum Brief in Support of Motion to Dismiss Plaintiff's Complaint [Docket Nos. 23 & 24; Filed December 3, 2007] (collectively, "Motion to Dismiss"). Plaintiff filed a response on January 29, 2008 [Docket No. 33].[1] Defendants did not file a reply. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, the Motion has been referred to this Court for recommendation. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues presented in the Motion to Dismiss. As such, the Court recommends that the Motion to Dismiss be **granted** unless

---

[1] The Court extended the deadline for Plaintiff to respond to the Motion to Dismiss to February 4, 2008 [Docket No. 31].

Plaintiff files an amended complaint, as explained in more detail below.

## I. Factual Background and Complaint

At the time of the alleged incident, Plaintiff was an inmate at the Colorado Department of Corrections' ("CDOC") Rifle Correctional Center. Complaint at 9 [Docket No. 4]. Plaintiff claims that he was illegally incarcerated by Defendants for 231 days from March 2, 2005 until he was released from prison on October 17, 2005.[2] *Id.* at 4. He specifically claims:

> The plaintiff was done and had completed his whole sentence as well as period of Parole, on March 2, 2005, was not statutorily discharged until Oct.17, 2005, because of unexcusable [sic] errors, or inadequate training by defendant State of Colorado of Paul Hollenbeck and Richard Gallegos. When the error was found on Oct. 16, 2005, Plaintiff was released immediately unconditionally, with no parole, because parole had been complied with by the plaintiff on March 2, 2005, but was not released until Oct. 17, 2005, because of the '"mistake and ignorance" which was no excuse per defendants.

*Id.*

More than two years after his alleged illegal detention began, Plaintiff filed a complaint in this Court seeking relief pursuant to 42 U.S.C. § 1983 in the form of actual and punitive damages for his "wrongful, unjust, cruel, and unusual punishment and humiliation" pursuant to the Fourth, Eighth, and Fourteenth Amendments *Id.* at 3, 12. Viewing the complaint liberally, Plaintiff also appears to assert state law claims for "tortious interference" and false imprisonment. *Id.* at 3. Plaintiff seeks damages of $23,039,500. *Id.* at 12. The named Defendants are Richard Gallegos, "Rifle Correctional Center, North"; Paul Hollenbeck, "Supervisor/Time Release"; and the State of Colorado, "as a person,

---

[2] By the Court's calculation, 230 days elapsed from March 2, 2005 to October 17, 2005.

Gov. Ritter." *Id.* at 1.

When Plaintiff filed his complaint, he was incarcerated at the Sterling Correctional Facility on a charge unrelated to the prior confinement that he is challenging here. *See id.* at 2, 7. In September 2007, Plaintiff was transferred to a halfway house within CDOC's community corrections program [Docket No. 10].

## II. Motion to Dismiss

Defendants filed a Motion to Dismiss on December 3, 2007 [Docket Nos. 23 & 24]. Defendants allege that: (1) Defendant State of Colorado is immune from suit pursuant to the Eleventh Amendment; (2) Defendants Hollenbeck and Ritter[3] should be dismissed due to Plaintiff's failure to state a claim against them; (3) Plaintiff's allegations fail to state a claim pursuant to § 1983; (4) Plaintiff does not allege that he suffered a physical injury as required by 42 U.S.C. § 1997e(e); and (5) Plaintiff's allegations fail to state a claim for punitive damages. They further allege that dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies and, consequently, has failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1997e and Fed. R. Civ. P. 12(b)(6), and that Plaintiff's complaint is barred by the applicable statute of limitations.

Plaintiff filed a one-page Response to the Motion to Dismiss, but did not address any of Defendants' substantive arguments. *See* Response at 1 [Docket No. 33]. Rather, he reiterated the seriousness of his alleged wrongful incarceration and suggested that his case should not be dismissed because he is seeking legal counsel. *Id.*

---

[3] It is unclear whether Plaintiff intended to name Governor Ritter as an individual defendant in this action. However, viewing the complaint liberally, the Court will treat Governor Ritter as a defendant for the purposes of resolving the Motion to Dismiss.

3

III. Analysis

A. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may take two forms: a facial attack or a factual attack on the complaint. When reviewing a facial attack on the complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint pursuant to Rule 12(b)(1), and when the challenge is supported by affidavits and other documents, the Court makes its own factual findings. *Id.* at 1003.

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true the well-pled factual allegations and draws all reasonable inferences in favor of Plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). The Court considers whether the complaint contains allegations that support a plausible legal claim for relief. *Alvarado*, 493 F.3d at 1215 n.2; *see also Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007) (holding that a complaint must contain "only enough facts to state a claim to relief that is plausible on its face").

Finally, Plaintiff is proceeding *pro se*. As such, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the nonmoving party's advocate and must nevertheless recommend dismissal of Plaintiff's case where he does not satisfy his pleading burden. *See Hall*, 935 F.3d at 1110.

B. Dismissal on the Merits

The Court finds that Plaintiff's complaint suffers from several deficiencies that make

4

dismissal on the merits appropriate here.[4]

   1. Defendant State of Colorado

Defendant State of Colorado is immune from a § 1983 suit for damages pursuant to the Eleventh Amendment. *Griess v. State of Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988). As such, Plaintiff's action against the State of Colorado should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[5]

   2. Defendants Hollenbeck and Ritter

As a preliminary matter, Plaintiff's complaint fails to allege the personal participation of Defendant Ritter in any alleged misconduct toward Plaintiff. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Plaintiff's sole allegation against Defendant Ritter is that he failed to provide proper training to Defendants Hollenbeck and Gallegos. Complaint at 2 [Docket No. 4].

While Plaintiff's complaint is more specific as to Defendant Hollenbeck's personal role, Plaintiff's allegations against him are primarily related to the contention that it was

---

[4] As a preliminary matter, if Plaintiff had brought this action while still incarcerated for the underlying offense, the proper vehicle would have been through a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. However, Plaintiff is no longer in custody for the offense which led to the underlying claims, and his constitutional claims are appropriately brought pursuant to 42 U.S.C. § 1983. *See Parker v. Ft. Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993); *see also Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) (holding that to be entitled to *habeas* relief, inmate must "be 'in custody' under conviction or sentence under attack").

[5] Although Defendants also allege that they are immune from suit in their official capacities, the Court notes that Plaintiff's complaint only purports to sue the individual defendants in their "personal, individual capacities." *See* Complaint at 1 [Docket No. 4]. Regardless, the Court agrees that the individual Defendants are entitled to immunity from claims for damages brought against them in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 26-27 (1991) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

5

Defendant Hollenbeck's duty to properly supervise Defendant Gallegos. *Id.* Plaintiff's allegations against Defendants Hollenbeck and Ritter assert liability based on their role as supervisors. Given that, Plaintiff's complaint must be based upon more than the mere allegation that because an individual is a supervisor, he is also responsible for Plaintiff's alleged injuries. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Woodward v. City of Worland*, 977 F.2d 1392, 1399-00 (10th Cir. 1992) (noting that in order to plead the liability of a supervisor, a plaintiff must show he knew plaintiff's rights were being violated but did not prevent it); *Benglen v. Zavaras*, 7 F. Supp. 2d 1171, 1173-74 (D. Colo. 1998) (requiring an "affirmative link" between supervisor's own conduct and the alleged violation). "Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 2006)).

Given that Plaintiff has failed to allege any personal participation of Defendant Ritter, or allege an "affirmative link" between Defendants Hollenbeck's and Ritter's alleged conduct and the alleged injury (other than their status as supervisors), Plaintiff has not satisfied his pleading burden in relation to them. *See Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). As such, the claims against Defendants Hollenbeck and Ritter should be dismissed due to Plaintiff's failure to state a claim upon which relief can be granted against

them pursuant to Fed. R. Civ. P. 12(b)(6).[6]

### 3. Failure to State a Claim Pursuant to § 1983

Plaintiff claims that Defendants violated his constitutional rights by confining him past his rightful release date. Complaint at 2 [Docket No. 4]. However, Plaintiff's allegations that Defendants (1) "knew or should have known" (2) that they were operating under a "mistake and ignorance of the Colo. laws" (3) such that they committed "gross negligence," (*id.* at 2, 3, 6), do not go far enough to plead a constitutional injury pursuant to § 1983. See *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994) (Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 330-36 (1986) (Fourteenth Amendment); *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1320 (10th Cir. 1998) (citing *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699 & n.7 (10th Cir. 1995)) (Fourth Amendment).

"Mere negligent actions . . . [are] not actionable under § 1983." *Sevier*, 60 F.3d at 699 n.7. This is true because "injuries inflicted by governmental negligence are not addressed by the United States Constitution." *Daniels*, 474 U.S. at 333; *see also Medina v. City & County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("[N]egligence and gross negligence do not give rise to section 1983 liability."). Moreover, "[i]t is not enough to establish that the officer should have known of the risk of the harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). As such, "liability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant." *Woodward*, 977 F.2d at 1399 (quoting *City of Canton v. Harris*, 489 U.S.

---

[6] Although the Court recommends that Plaintiff's case be dismissed as to Defendants Hollenbeck and Ritter, the remainder of this Recommendation applies to all individual Defendants.

7

378, 389 (1989)). Consequently, Plaintiff has failed to state a claim pursuant to § 1983 such that his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

4. Damages

Even if Plaintiff could survive the pleading hurdles discussed above, Plaintiff's claim for compensatory damages fails because he does not allege that he suffered a physical injury in conjunction with his alleged mental injuries. Pursuant to 42 U.S.C. § 1997e(e), Plaintiff's "suit cannot stand unless [he] has suffered a physical injury in addition to mental or emotional harms."[7] *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *see also Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (holding that § 1997e(e) bars compensatory "damages for mental and emotional injuries in the absence of physical injury"). Here, Plaintiff requests compensatory damages for the "humiliation" and "fear" caused by Defendants' alleged conduct, but Plaintiff does not allege that he also sustained a physical injury. As such, Plaintiff has failed to state a claim for compensatory damages pursuant to § 1997e(e).[8]

In addition, to the extent that Plaintiff requests punitive damages, he must claim that Defendants acted with an evil intent or with reckless indifference. *Smith v. Wade*, 461 U.S. 30, 56 (1983). Here, even interpreting Plaintiff's allegations as true, Plaintiff merely contends that Defendants were acting upon a "mistake and ignorance of the law" and does

---

[7] The Court notes that the constitutionality of § 1997e(e) has been called into question. *See Siggers-El v. Barlow*, 443 F. Supp. 2d 811, 816 (E.D. Mich. 2006). However, because the Court recommends dismissal of Plaintiff's complaint on several additional grounds, it declines to address the constitutionality of this statute except to note that at present, the clear language of § 1997e(e) is controlling in the Tenth Circuit. *See Searles*, 251 F.3d at 876.

[8] Plaintiff also alleges in his complaint that he lost wages. Complaint at 6 [Docket No. 4]. While a claim for lost wages may not be barred by § 1997e(e), see, e.g., *Centaur v. Werner*, No. 3:03-cv-848-J-32MCR, 2005 WL 1345624, at *3 (M.D. Fla. June 6, 2005) (unpublished decision), Plaintiff does not appear to seek damages for that injury. Rather, his request for damages is limited to compensation for his humiliation and fear. *See* Complaint at 12 [Docket No. 4].

9

not allege that Defendants maliciously intended to harm Plaintiff or were recklessly indifferent to the potential harm to him. This is significant because Defendants "cannot be held [liable] for punitive damages simply because they did not know the rules of conduct they should follow. Simple ignorance of the applicable legal rules, even arrogant ignorance, does not by itself indicate" the level of intent required to successfully plead a claim for punitive damages. *See Lavicky v. Burnett*, 758 F.2d 468, 477 (10th Cir. 1985) (denying punitive damages where "there was no evidence of malice, wantonness, or oppressiveness").

   C. Dismissal of State Law Claims

To the extent that the complaint can be construed to assert a claim under state law for "tortious interference," the Court notes that while such a claim in general is subject to a two-year statute of limitations, it also requires a showing that the alleged wrongful conduct was intentional. *See* Colo. Rev. Stat. § 13-80-102; *Duhon v. Nelson*, 126 P.3d 262, 267 (Colo. Ct. App. 2005). Accordingly, any state law claim for "tortious interference" fails because Plaintiff has not pled intentional conduct. Moreover, Plaintiff has failed to specify the legally cognizable interest or relationship – a contract? employment? a business advantage? — with which Defendants allegedly tortiously interfered. As such, Plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

To the extent that the complaint can be construed to assert a claim under state law for false imprisonment, the Court notes that the tort of false imprisonment also requires a showing that the alleged wrongful conduct was intentional and the claim is subject to a

one-year statute of limitations. *See* Colo. Rev. Stat. § 13-80-103; *Ventura v. Albertson's, Inc.*, 856 P.2d 35, 39 (Colo. Ct. App. 1992). Again, any state law claim for false imprisonment fails because Plaintiff has not pled intentional conduct. *See* Fed. R. Civ. P. 12(b)(6). Moreover, the Court notes that Plaintiff brought the cause of action more than one year after both the date when his alleged false imprisonment began (March 2, 2005) and the date when it culminated (October 17, 2005).[9]

D.  Procedural Barriers to Suit

Defendants also argue that Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies and because the statute of limitations has expired. As to the exhaustion issue, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a claim regarding prison conditions must first be exhausted at the facility level before a prisoner may challenge those conditions via a federal lawsuit.

Where Plaintiff admits in his complaint that he did not exhaust, such an admission on the face of the complaint may allow the Court to *sua sponte* find that Plaintiff's suit is barred by the PLRA. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007). However, the Court recognizes that it is "only in rare cases [where] a district court [will] be able to conclude from the face of the complaint that a prisoner has not exhausted his

---

[9] The Court recognizes that the distinction between the statutes of limitations for tortious interference and false imprisonment may be of limited usefulness given that Colorado courts have held that when "a claim may be pursued on two theories having different limitations on actions, the longer limitation applies." *See Winkler v. Rocky Mountain Conference of the United Methodist Church*, 923 P.2d 152, 161 (1995). However, because both state law claims fail due to Plaintiff's failure to allege intentional conduct, whether the false imprisonment claim would be barred under either a one-year or two-year statute of limitations is not controlling.

11

administrative remedies and he is without a valid excuse." *Id.* Here, although Plaintiff acknowledges that he did not exhaust, he also contends that his injury was "tolled on 3/02/05," and that exhaustion is an "Affirmative Defense to PLRA" pursuant to "*Jones v. Bock*."[10] Complaint at 7 [Docket No. 4]. While Plaintiff does not explain why his claims were allegedly tolled, why the alleged tolling made it unnecessary to exhaust his administrative remedies, or why Defendants' contention that he did not exhaust should fail, Plaintiff casts enough doubt about exhaustion so that the Court concludes that his affirmative statements regarding his failure to file an appropriate grievance should not be treated as conclusive. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

As to the statute of limitations, giving Plaintiff the benefit of liberal pleading interpretation, the complaint could be interpreted to assert that Plaintiff's claims were equitably tolled. Although Plaintiff claims that his injury began on March 2, 2005, he also suggests that his injury was "tolled on 3/02/05." It appears to the Court that Plaintiff's complaint, which was filed on July 30, 2007, fails to meet the requirements of the statute

---

[10] Plaintiff also claims that he was "not required" to exhaust his administrative remedies at the time he filed his complaint because "there is no jurisdiction to false imprisonment." The Court interprets this argument to contend that because Plaintiff was no longer confined at the facility where his constitutional rights were allegedly violated, he was not required to exhaust his administrative remedies. The Court notes that incarceration at a different facility does not obviate the requirement to exhaust. *See Turrietta v. Barress*, 91 Fed. Appx. 640, 641 (10th Cir. 2004) (unpublished decision) (holding that prisoner's perception that exhaustion was unavailable to him due, in part, to the fact that he was moved to new facility, did not excuse failure to exhaust); *Ruggiero v. County of Orange*, 467 F.3d 170, 173-77 (2d Cir. 2006) (noting that although inmate was confined in a different correctional facility, he was required to grieve the alleged injuries that occurred at his former facility prior to filing his federal lawsuit).

of limitations unless a legitimate basis for tolling the statute exists.[11] However, given the slight uncertainty created by the wording of Plaintiff's complaint, the Court finds that the Motion to Dismiss is not appropriate for resolution on this issue. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

E. Leave to Amend

Although Plaintiff's complaint cannot survive the Motion to Dismiss on the facts as alleged, the Court notes the liberal philosophy regarding amendment of pleadings reflected in both the Federal Rules of Civil Procedure and years of legal precedent, especially when the timing of the amendment and potential prejudice to Defendant do not weigh against it. *See* Fed. R. Civ. P. 15(a), *Miner v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). Because Plaintiff is proceeding *pro se*, and because the Court is not convinced that amendment would undoubtedly be futile or that it would in any meaningful way be prejudicial to Defendants, the Court recommends that Plaintiff be granted leave to file an amended complaint before the dismissal of his case is effected. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

The Court is mindful of Plaintiff's obligation pursuant to Fed. R. Civ. P. 11 to ensure the truthfulness of his statements to the Court. If Plaintiff cannot *truthfully* allege facts remedying the deficiencies in his first complaint regarding the procedural barriers to suit

---

[11] *See* Colo. Rev. Stat. § 13-80-102(1)(g) ("All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and "regardless of the theory upon which suit is brought . . . shall be commenced within two years . . . ."); *see also Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994) (finding that "§ 1983 claims are best characterized as personal injury actions and we therefore apply" the State of Colorado's two-year statute of limitations (citation omitted)).

13

(i.e., tolling and exhaustion), the nature of the alleged wrongful conduct (i.e., whether it was simply negligent or more culpable and which Defendant, if anyone, knew that his rights were allegedly being violated) and how the wrongful conduct allegedly harmed him (i.e., whether he suffered physical injuries as a result), his amended complaint will suffer from the same fatal deficiencies noted above and undoubtedly be subject to summary dismissal.

IV. Conclusion

For the reasons stated above, the Court RECOMMENDS that the Motion to Dismiss be **GRANTED** and that Plaintiff's case be **DISMISSED with prejudice**, unless Plaintiff files an **amended complaint** curing the deficiencies noted herein **within forty-five (45) days** of the date of this Recommendation (so long as it is accepted by the District Court).

Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 26, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix